FILED ___ LODGED
✓ RECEIVED ___ COPY

JUN 1 9 2003

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven S. Anderson, ) | No. CIV 01-1770-PHX MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| City of Scottsdale et al, ) | |
| Defendant. ) | |

Pending before this Court is Plaintiff's Motion for Leave to File a Third Amended Complaint (Dkt. #60). Having reviewed the parties' briefs, and determined that oral argument is not necessary to decide this motion, the Court issues this Order.

**I.     Factual Background**

Plaintiff, a Caucasian male, filed a Second Amended Complaint on April 22, 2002, alleging racial harassment and discrimination while employed at the City of Scottsdale Police Department. In this Second Amended Complaint, Plaintiff claimed racial discrimination in violation of Title VII of the Civil Rights Act (Count I); retaliation for his complaints about the alleged discrimination in violation of Title VII of the Civil Rights Act (Count II); civil rights violations pursuant to 42 U.S.C. § 1983 arising from retaliation for his complaints of discrimination (Count III); and civil rights violations pursuant to 42 U.S.C. § 1981 arising from the racial discrimination and retaliation.

113

On January 16, 2003, Plaintiff filed a Motion for Leave to File Third Amended Complaint to "clarify . . . that he is claiming that Defendants violated his rights under 42 U.S.C. § 1983 on the basis of both his race and gender."

Defendants object to the Motion for Leave to File Third Amended Complaint on the ground it is untimely, and allowing Plaintiff to amend his complaint to add the gender discrimination claim and a significant new equal protection claim at this late date will cause substantial prejudice to Defendants.

## II. Standard of Review

Leave to amend "shall be freely given when justice so requires." Fed. Civ. Pro. R. 15(a). Leave to amend is granted with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether leave to amend is appropriate, however, the district court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Griggs Pace Am. Group, Inc., 170 F.3d 877, 889 (9th Cir. 1999).

## III. Discussion

Although leave to amend is granted with "extreme liberality," the Court may deny such leave based on "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." Griggs Pace Am. Group, Inc., 170 F.3d 877, 889 (9th Cir. 1999).

On review of the Court file in this matter and the pleadings before it, this Court finds that Plaintiff's Motion for Leave to File Third Amended Complaint is not only untimely, but it was also unduly delayed, to the substantial prejudice of Defendants.

### A. Plaintiff's Motion Was Untimely

Plaintiff's Motion for Leave to File Third Amended Complaint was untimely and violated a prior Order of this Court. This lawsuit was removed to U.S. District Court on September 19, 2001, and has been pending for nearly two years. On March 18, 2002, this Court held a Scheduling Conference pursuant to Rule 16(b) of the Federal Rules of Civil

Procedure. Prior to the conference, the parties filed a Rule 26(f) Case Management Plan and a Proposed Rule 16 Scheduling Order. Pursuant to the terms of the Case Management Plan, and the representations made by the parties at the Rule 16 Conference, all parties were ordered to comply with the deadlines established in the Rule 16 Scheduling Order. This Court's Rule 16 Scheduling Order directed that motions to amend the complaint shall be filed no later than April 22, 2002. See Dkt. #9, ¶ 3. Nearly *nine months after* the Court-ordered deadline for filing motions to amend had expired, Plaintiff filed his Motion for Leave to File Third Amended Complaint. See Dkt. #60. Plaintiff's Motion for Leave to File Third Amended Complaint thus was not only untimely, but was filed in violation of this Court's Rule 16 Scheduling Order.

### B.  Plaintiff's Motion Was Unduly Delayed

This Court further finds that Plaintiff unduly delayed in seeking leave of the Court to amend his Complaint to add the gender discrimination claim and the equal protection claim. In his Motion for Leave to File Third Amended Complaint, Plaintiff argues that the new claims represent simply a "clarification" of his initial Complaint and that Defendants had notice of these claims as of March 8, 2002. Plaintiff further concedes that he discussed with Defendants' counsel the gender discrimination claim sometime before October 31, 2002, when Defendants' counsel notified him that she did not believe the Second Amended Complaint included a gender discrimination claim, and that she would oppose any motion to amend the Second Complaint. Plaintiff, however, did not file a Motion for Leave to File a Third Amended Complaint adding the gender discrimination complaint, and an equal protection claim, for another two and a half months, nearly nine months after the deadline to file such motions had passed, and just one and a half months before the then designated deadline for discovery.[1] The Court finds under these circumstances that Plaintiff unduly delayed in seeking the Court's leave to amend to add such claims.

---

[1] On March 13, 2003, this Court again extended the discovery deadline pursuant to stipulation of the parties through April 30, 2003. See Dkt. #86.


### C. Amendment Would Significantly Prejudice Defendants

Finally, this Court finds that amendment at this late date would substantially prejudice Defendants in preparing a defense to the new claims. Having compared the Second Amended Complaint with the Third Amended Complaint, this Court agrees with Defendants that the proposed Third Amended Complaint is far more than a simple clarification of the claims made in the Second Amended Complaint. Plaintiff seeks not only to add the gender discrimination claim, which, contrary to his pleadings, was not presaged by the factual background section of his Second Amended Complaint, but also seeks to add in Count III a significant new claim that he was discriminated against on the basis of race and sex in violation of his equal protection rights. In addition, Plaintiff seeks to add pages of new factual allegations to support his claims.

On the date Plaintiff filed his Motion, only one and a half months remained before the Court-ordered deadline for all discovery. Defendants argue that if Plaintiff is allowed to file his Third Amended Complaint adding the extensive new factual allegations as well as the gender discrimination and equal protection claims, "Defendants will need to revisit and reopen the discovery already completed, seek and disclose possible new exhibits or witnesses to address the allegation of gender discrimination, and potentially designate an expert to offer opinions regarding gender discrimination at trial." The Court finds that Defendants have made sufficient showing that they would suffer substantial prejudice by Plaintiff's amendment of his complaint at this late date, when discovery has already closed.

For the foregoing reasons, this Court finds that Plaintiff's Motion for Leave to File Third Amended Complaint was untimely, in violation of this Court's Order, unduly delayed, and amendment at this late date would cause significant prejudice to Defendants, and his motion will therefore be denied. See <u>Griggs Pace Am. Group, Inc.</u>, 170 F.3d at 889.

\\\
\\\
\\\

**Accordingly,**

**IT IS HEREBY ORDERED denying** Plaintiff's Motion for Leave to File a Third Amended Complaint (Dkt. #60);

**IT IS FURTHER ORDERED** that the deadline for dispositive motions be extended, for good cause and pursuant to stipulation, to **July 31, 2003**;

**IT IS FURTHER ORDERED** allowing the parties, for good cause and pursuant to stipulation, to each file two dispositive motions.

DATED this 18th day of June, 2003.

Mary H. Murguia
United States District Judge